**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY WHITE,

　　　　Plaintiff - Appellant,

v.

JAMIE BLACKWELL, Assistant
Saline County Prosecutor,

　　　　Defendant - Appellee.

No. 09-3061

(D. Kansas)

(D.C. No. 5:08-CV-03133-SAC)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

　　　　Larry White, a Kansas state prisoner proceeding pro se, brought this action

under 42 U.S.C. § 1983 in the United States District Court for the District of

Kansas against Jamie Blackwell, an assistant prosecutor in Saline County,

Kansas, in her individual and official capacities. Mr. White alleged that

Ms. Blackwell violated his due-process and equal-protection rights, coerced him

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

into giving false and incriminating testimony in violation of the Fifth Amendment, and conspired to kidnap his children. The district court dismissed his complaint for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Because we are reviewing the district court's dismissal of Mr. White's complaint for failure to state a claim, we accept the factual allegations in the complaint as true and view those facts in the light most favorable to Mr. White. *See Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). In addition, because Mr. White is acting pro se, we construe his pleadings liberally. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

Mr. White's allegations arise out of Ms. Blackwell's actions as an attorney in two court proceedings. One was a proceeding initiated by Ms. Blackwell to remove Mr. White's children from his custody after the Salina, Kansas, Office of Social Rehabilitation Services investigated claims of school absence and tardiness by Mr. White's children. The other was a burglary prosecution based on Mr. White's alleged theft of his own car.

According to Mr. White's complaint, at an August 2, 2006, hearing in the child-removal action, the judge initially ruled that Ms. Blackwell had presented insufficient evidence to have Mr. White's children removed from his custody. Ms. Blackwell then fabricated a story that Mr. White had confessed to the burglary charge. Upon hearing this story, the judge ordered that Mr. White's

children be removed and placed in foster care. Ms. Blackwell and the judge then coerced Mr. White to plead guilty to the burglary charge in exchange for returning the children to his custody.

To the extent that Mr. White seeks damages against Ms. Blackwell in her official capacity, his suit is barred by Eleventh Amendment sovereign immunity. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). And to the extent that Ms. Blackwell has been sued in her individual capacity, she is entitled to absolute immunity. All the allegations against Ms. Blackwell concern her handling of the burglary prosecution and the child-removal proceeding. As a prosecutor, she is protected by prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). And in pursuing the child-removal proceeding, she is absolutely immune "as an advocate before a neutral magistrate." *Snell v. Tunnell*, 920 F.2d 673, 693 (10th Cir. 1990) (internal quotation marks omitted); *see Ernst v. Child and Youth Services of Chester County*, 108 F.3d 486, 488–89 (3rd Cir. 1997) (social workers and attorneys who prosecute child-removal proceedings on behalf of the state "are entitled to absolute immunity from suit for all of their actions in preparing for and prosecuting such . . . proceedings.").

Because all of Mr. White's claims are barred by either sovereign immunity or prosecutorial immunity, we AFFIRM the judgment below. We deny Mr. White's Motion to Construe as Habeas Courpus [sic]. Appellant's motion for leave to proceed without prepayment of fees is GRANTED. He is reminded of his continued obligation to make payments until the filing fee is paid in full.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge